**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORHTERN DIVISION**

CALEB BECK, JACLYN BARTON,

Plaintiffs,

v.

WENDY DELONG, ATTORNEY MICHAEL A. ROLANDO, JUDGE AMY GIERHART, JUDGE JASON BITZER, JUDGE NANCY THANE, TUSCOLA COUNTY COURT ADMINISTRATOR, TUSCOLA COUNTY CLERK,

Defendants.
_________________________________ /

Case No. 1:26-cv-12207

Hon. Brandy R. McMillion

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Caleb Beck and Jaclyn Barton ("Plaintiffs") filed this *pro se* civil action against Defendants Wendy Delong, Attorney Michael A. Rolando, Judge Amy Gierhart, Judge Jason Bitzer, Judge Nancy Thane, the Tuscola County Court Administrator, and the Tuscola County Clerk (collectively, "Defendants") alleging constitutional violations relating to a land contract and issuance of a personal protective order. *See generally* ECF No. 1. Plaintiffs have both filed applications to proceed without the prepayment of fees or costs (*in forma pauperis*). ECF Nos. 7, 8. For the reasons below, the court **GRANTS** the applications to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED**.

## I.

As best the Court can discern, Plaintiffs reside in a property that was the subject of a land contract with an unidentified seller. When that seller passed away, Defendant Wendy Delong filed a claim to the property via what Plaintiffs allege to be a fraudulent quit claim deed, changed the property classification, closed required bank accounts for payment, and sought possession of the premises. ECF No. 1, PageID.2. Plaintiffs complain that the other defendants each took actions in their official capacities that violated their rights relating to the proceedings. *Id.* at PageID.2-4.

Without any detail, Plaintiffs assert claims for Due Process Violations (Count I), Deprivation of Rights Under Color of Law (Count II), Judicial Misconduct & Bias (Count III), Fraud & Misrepresentation (Count IV), Suppression of Evidence (Count V), Interference with Contractual Relations (Count VI), PPO Abuse as to Judge Thane (Count VII) and Conspiracy to Deprive Rights (Count VIII). ECF No. 1, PageID.4-5. Plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief, and costs and fees. *Id.* at PageID.5.

## II.

Plaintiffs both filed applications to proceed *in forma pauperis*. *See* ECF Nos. 7, 8. The Court has reviewed those applications and believes both to be indigent and therefore the request to proceed *in forma pauperis* is **GRANTED**. However, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss *in forma pauperis*

complaints if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *See Neitzke*, 490 U.S. at 327. Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.

The standard of Federal Rule of Civil Procedure 12(b)(6) applies to determine whether the dismissal of a complaint is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013). To state a federal civil rights claim, plaintiffs must allege that they were deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

## III.

The Complaint is generally insufficient to state any plausible claims of relief. First, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted). Here, the claims for relief raised in the Complaint are not supported by factual allegations that raise a right to relief beyond speculation. *See generally* ECF No. 1, PageID.4-5. Because mere conclusory statements are not enough to entitle Plaintiffs to relief; the Complaint is subject to dismissal.

Second, the claims against each Defendant also fail initial screening. The constitutional claims against Wendy Delong are dismissed because the Complaint does not allege that she was acting under the color of state law. To state a §1983 claim against a private actor, Plaintiffs would need to show that the person deprived them of a right secured by the Constitution or laws of the United States while acting under the color of state law. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). The Complaint is woefully short of any allegations that Delong was acting under color of state law, and therefore, the federal claims against Delong are

subject to dismissal. The state claims fair no better because the Complaint is void of anything other than conclusory allegations which are insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

The only allegation against Defendant Attorney Michael A. Rolando is that he "participated in evidence suppression and fraud" by sending a Bill of Sale to a graphologist, and after authentication of a seller's signature by the graphologist, "chang[ing] their claim to 'copy and paste.'" ECF No. 1, PageID.1, 4. Not only does this make no sense without further context, but it also lacks any rational basis to form a claim for relief. *Apple v. Glenn*, 183 F.3d at 477. Moreover, Plaintiffs have similarly failed to assert he was acting under color of state law for any federal constitutional claim to be viable.

Further, judicial immunity shields Defendant Judges Gierhart, Bitzer, and Thane from Plaintiffs claims against them. Each of the judicial defendants are being sued for actions taken by them in their roles carrying out judicial functions. *See* ECF No. 1, PageID.2-4. Generally speaking, judges "have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Federal law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024). Absolute judicial immunity is overcome only in two situations: (i) nonjudicial actions (i.e., actions not taken in the judge's judicial capacity) and (ii) actions, though

judicial in nature, taken in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12. And based on the facts presented, neither exception is applicable in this case. Consequently, Plaintiffs' claims against Judges Gierhart, Bitzer, and Thane are dismissed.

Similarly, the claims against the Tuscola County Court Administrator and the Tuscola County Clerk are dismissed subject to quasi-judicial immunity. Judicial "immunity is not limited to judges alone. It protects in equal measure officers who perform judicial duties[.]" *Norfleet*, 924 F.3d at 319 (citing *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (per curiam)). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (citing *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected.")). Court clerks and administrators are entitled to absolute immunity when performing judicial functions, even if acting erroneously, corruptly, or in excess of jurisdiction. *See Boling v. Garrett*, No. 08-12117, 2008 U.S. Dist. LEXIS 50500, 2008 WL 2610234 * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles*, 502 U.S. at 9-10; *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). Therefore, because the Tuscola County Court

Administrator and Clerk are entitled to quasi-judicial immunity, all claims against them are dismissed.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Complaint (ECF No. 1) does not survive initial screening under 28 U.S.C. § 1915, and is therefore **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' pending Emergency Motion for Temporary Injunction (ECF No. 9) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 29, 2026

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge